# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TRAVELL ARMSTRONG,**

    **Plaintiff,**

**v.**                                              **Case No:   6:14-cv-1207-Orl-41KRS**

**BELVIN PERRY,**

    **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)**
>
> **FILED:**     **July 25, 2014**

**I.  BACKGROUND.**

Plaintiff Travell Armstrong, proceeding *pro se*, filed a complaint against Chief Judge Belvin Perry, Jr., of the Ninth Judicial Circuit Court of Florida. Doc. No. 1. Armstrong references in his complaint "28 CFR Ch. 1 (7-1-94) Edition § 36.206 Retaliation or Coercion: (b)-(4)" and the "Fourteenth Amendment [to the United States Constitution] that guaranteed (Fair Trial)." He alleges that under these provisions, Judge Perry caused him to be "unable to exhaust [his] civil remedies too several civil litigations," formed a "conspiracy against [him]," "committed a malicious act of evil, punishing [him] for personal unforgiveness . . . for ex-crimes that no longer exist," and

"transpassed" him. *Id.* at 1. Armstrong also makes passing references to letters with Judge Perry's name on them, and Judge Perry's involvement with the trial of Casey Anthony. *Id.* at 2-3.

On review of the entire complaint, it appears that Armstrong is complaining about a Trespass Warning that he received from the Orange County Sheriff's Office. *Id.* at 7. The Trespass Warning provided that he was "trespassed from all of the Orange County Courthouse property to include the Public Defender and State Attorneys' building," and that he must call and request permission before he could return to the Courthouse. The Trespass Warning further provides that "subject was harassing clerks and recording their voice." *Id.* In the complaint, Armstrong alleges that "surveillance videos would show proof that an [outburst] with court clerks never existed . . . ." *Id.* at 1. Armstrong indicates in the complaint, and in a note on the copy of the Trespass Warning, that he had ongoing civil litigation before Judge Perry in the Ninth Judicial Circuit Court and he was prevented from paying court costs, attending any court hearings, and otherwise unable to follow up with litigation. *Id.* at 1-2, 7. He attached to his complaint copies of notices to appear for pretrial conference/mediation in two cases in the Ninth Judicial Circuit Court and a Family Services Division Customer Routing Slip in a third case naming him as a party. *Id.* at 4-6. On one of the notices to appear, he wrote, "Had [a] hearing today, they ignored giving me permission to attend." *Id.* at 6. Armstrong further alleges that the reason for these "retaliations" is his status as an ex-offender. *Id.* at 2. Armstrong does not request any form of relief in his complaint.

## II.   LEGAL STANDARD.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a plaintiff seeks to proceed *in forma pauperis*, the Court is required to consider whether the plaintiff's complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1

(11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [*in forma pauperis*] litigants – prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories."). To state a claim upon which relief can be granted, a plaintiff's complaint must contain sufficient factual content to bring his claims "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is frivolous within the meaning of § 1915(e)(2)(B), if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal on grounds of frivolity may be appropriate if the district court sees that an affirmative defense – such as absolute immunity – would defeat the action. *See Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 & n.2 (11th Cir. 1990).

## III.   ANALYSIS.

Armstrong's complaint is due to be dismissed because he fails to state a claim on which relief can be granted. Armstrong cites in his complaint two provisions of federal law: the Fourteenth Amendment ("Fair Trial") and 28 C.F.R. § 36.206(b)(4), which is a federal regulation concerning the implementation of Title III of the Americans with Disabilities Act of 1990. However, he does not allege any facts regarding how Judge Perry violated either provision.

While Armstrong does allege in his complaint that Judge Perry "transpassed" him, he does not allege Judge Perry's connection with the Trespass Warning or with Armstrong's alleged inability to attend hearings. *See id.* at 2, 7. A review of the Trespass Warning shows that it was signed by a property representative and a court deputy, not by Judge Perry. *Id.* at 7. The explanation on the Trespass Warning of the circumstances underlying its issuance—harassment and recording of clerks—makes no mention of Judge Perry. *Id.* In addition, Armstrong's handwritten note on one of the notices to appear states that "they ignored giving me permission to attend" the noticed hearing, but he does not identify who "they" were who ignored his request to attend the hearing. *Id.* at 6.

The remainder of Armstrong's allegations against Judge Perry are vague general assertions that Judge Perry caused him to be "unable to exhaust [his] civil remedies," formed a "large conspiracy against [him]," and committed a "malicious act of evil" to punish him for past crimes.  Doc. No. 1 at 1.

Thus, Armstrong's complaint does not allege Judge Perry's connection to the Trespass Warning and the harms Armstrong alleges that he suffered as a result of its issuance.  As such, Armstrong's allegations fail to make a "short and plain statement of the claim showing that [he] is entitled to relief," *see* Fed. R. Civ. P. 8(a), sufficient to bring his claims "across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570.  Armstrong's complaint is also deficient because he failed to state the relief he seeks in contravention of Fed. R. Civ. P. 8(a)(3) ("A pleading that states a claim for relief must contain . . . a demand for the relief sought . . . .").

Because Armstrong is proceeding *pro se*, and it is at least possible that an amended complaint could cure the defects of the current complaint, he should be given leave to file an amended complaint.  In considering whether to file an amended complaint, Armstrong should be mindful that judicial officers like Judge Perry generally enjoy absolute immunity from suit for actions taken in their official capacity.  *See Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (finding that judges are entitled to absolute immunity from suits for "acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'").

In an amended complaint, Armstrong should include a short and plain statement showing that this Court has jurisdiction over his claims.  *See* Fed. R. Civ. P. 8(a)(1).  In a section entitled "Statement of Facts" Armstrong should clearly identify the alleged legal violations committed and the facts surrounding the alleged legal violations, including how Judge Perry is involved in the alleged legal violations.  Armstrong must allege some causal connection between Judge Perry and

the injuries allegedly sustained.  Armstrong must also include all allegations in the body of his complaint.  He should not rely on documents and notes attached to the complaint to add allegations not included in the body of the complaint.

Armstrong should also clearly allege each cause of action that he wishes to pursue, and the legal basis of each cause of action (i.e., constitutional provision, treaty, statute, or common law cause of action).  Each alleged violation should be set forth in a separate count.  Along with each count, Armstrong should include sufficient facts to show that each of his claims for relief is plausible.  Finally, Armstrong should specify the type (i.e., monetary, declaratory, or injunctive) and character of the relief that he requests.

### IV. RECOMMENDATION.

Accordingly, I **RESPECTFULLY RECOMMEND** that the Court **DISMISS** Armstrong's complaint without prejudice; **ORDER** Armstrong to file an amended complaint within a time specified by the Court following its ruling on this Report and Recommendation; and **DENY** Armstrong's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2), which the Court construes as a motion to proceed *in forma pauperis*, without prejudice to refiling it with the amended complaint.  Armstrong should be advised that failure to file a proper amended complaint within the time specified by the Court may result in the case being closed without further notice.

Failure to file written objections to the proposed findings and recommendations contained

Case 6:14-cv-01207-CEM-KRS   Document 4   Filed 08/01/14   Page 6 of 6 PageID 23

in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 1, 2014.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy